**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| KIMBERLY MULVIHILL, | ) | **C.A. NO. 2:24-CV-00523-DCN** |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S AMENDED ANSWER** |
| | ) | **TO PLAINTIFF'S COMPLAINT** |
| SELECT HEALTH OF SOUTH | ) | **(JURY TRIAL DEMANDED)** |
| CAROLINA, INC. D/B/A FIRST | ) | |
| CHOICE NEXT, A SOUTH CAROLINA | ) | |
| CORPORATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Defendant Select Health Of South Carolina, Inc. d/b/a First Choice Next (hereinafter "Defendant") hereby amends its answer to Plaintiff's Complaint by denying each and every allegation, including the introductory paragraph, that is not specifically admitted herein. Defendant further alleges and states as follows:

## PARTIES

1.     Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Defendant admits only so much of the allegations contained in Paragraph 2 of Plaintiff's Complaint as alleges that Select Health of South Carolina, Inc. is a corporation organized under South Carolina law with its principal place of business in South Carolina and transacts business in South Carolina.

## JURISDICTION AND VENUE

3.     The allegations contained in Paragraph 3 of Plaintiff's Complaint constitute conclusions of law, requiring no answer.

1

4.     The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute conclusions of law, requiring no answer.

5.     The allegations contained in Paragraph 5 of Plaintiff's Complaint constitute conclusions of law, requiring no answer.

## INTRODUCTION

6.     Defendant craves reference to the Supreme Cout's Opinion in *Barr v. Am. Ass'n of Political Consultants*, referenced and quoted in Paragraph 6 of Plaintiff's Complaint for an exact rendition of its contents, and denies any allegations inconsistent with and/or not supported by same. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied.

7.     Responding to the allegations in Paragraph 7 of Plaintiff's Complaint, Defendant craves reference to the Telephone Consumer Protection Act (TCPA) and the documented legislative history and findings of Congress when the TCPA was enacted in 1991 for an exact rendition of its contents, and denies any allegations inconsistent with and/or not supported by same. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied.

8.     Responding to the allegations in Paragraph 8 of Plaintiff's Complaint, Defendant craves reference to the FCC's *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, for an exact rendition of its contents and denies any allegations inconsistent with and/or not supported by same. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied.

9.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Responding to the allegations in Paragraph 10 of Plaintiff's Complaint, Defendant craves reference to the website page referenced in Paragraph 10 of the Complaint for an exact rendition of its contents and denies any allegations inconsistent with and/or not supported by same. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied.

11.     Responding to the allegations in Paragraph 11 of Plaintiff's Complaint, Defendant craves reference to the website page referenced in Paragraph 11 of the Complaint for an exact rendition of its contents and denies any allegations inconsistent with and/or not supported by same. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied.

12.     Responding to the allegations in Paragraph 12 of Plaintiff's Complaint, Defendant craves reference to the website page and/or statement referenced in Paragraph 12 of the Complaint for an exact rendition of its contents and denies any allegations inconsistent with and/or not supported by same. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied.

13.     Responding to the allegations in Paragraph 13 of Plaintiff's Complaint, Defendant craves reference to the FTC's *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278 (2016) for an exact rendition of its contents and denies any allegations inconsistent with and/or not supported by same. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied.

## **COMMON ALLEGATIONS**

14.     Defendant admits only so much of the allegations contained in Paragraph 14 of Plaintiff's Complaint as allege that Select Health of South Carolina, Inc. operates and offers a health insurance plan product called "First Choice Next" on and off the ACA HealthCare Exchange (also called the Health Insurance Marketplace®), and that the First Choice Next product is available to residents in certain counties in South Carolina.

15.     Defendant admits only so much of the allegations contained in Paragraph 15 of Plaintiff's Complaint as allege that First Choice Next offers and sells health plans to consumers in South Carolina.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Responding to Paragraph 19 of Plaintiff's Complaint, to the extent the allegations contained in Paragraph 19 of the Complaint purport to infer liability on Defendant, the allegations are denied. Defendant further responds and denies that Plaintiff or putative class members are entitled to the relief requested.

## **FACTS SPECIFIC TO PLAINTIFF MULVIHILL**

20.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Upon information and belief, Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint. Defendant further responds and states that an 864 number was provided as "Contact Details" for Plaintiff at the time she enrolled in a First Choice Next health plan.

22.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant admits only so much of the allegations contained in Paragraph 24 of Plaintiff's Complaint as allege that Plaintiff purchased a health insurance plan with First Choice Next.

25.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 25 of Plaintiff's Complaint as alleges that its third-party contractor placed calls to First Choice Next health plan members.

26.     Defendant admits only so much of the allegations contained in Paragraph 26 of Plaintiff's Complaint as allege that Plaintiff enrolled in a Silver level health plan. Further responding, Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 26 concerning Plaintiff's actions or inactions. Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Upon information and belief, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 28 of Plaintiff's Complaint as allege that Plaintiff spoke with Defendant's

third-party contractor and provided her cell phone number. Defendant denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 29 of Plaintiff's Complaint as allege that Defendant's third-party contractor left voicemails on the dates included in Paragraph 29 of Plaintiff's Complaint. Defendant denies the remaining allegations that the voicemails were pre-recorded from Defendant, and further denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Upon information and belief, Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 31 of Plaintiff's Complaint as allege that Plaintiff spoke to Defendant's third-party contractor, provided her cell phone number during the call, and discussed phone calls. Defendant further responds and, upon information and belief, denies that Plaintiff requested that calls stop in any previous call she made to First Choice Next or its third party contractor.

32.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 32 of Plaintiff's Complaint as allege that Plaintiff spoke with Defendant's third-party contractor about phone calls. Defendant denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 33 of Plaintiff's Complaint as allege that Defendant's third-party contractor left voicemails on the dates included in Paragraph 33 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint, including that the voicemails were pre-recorded from Defendant.

34.     Upon and information and belief, Defendant admits the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 35 of Plaintiff's Complaint as allege that Plaintiff spoke with a third-party contractor about phone calls. Defendant denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 36 of Plaintiff's Complaint as allege that Defendant's third-party contractor spoke with Plaintiff about phone calls. Defendant denies the remaining allegations contained in Paragraph 36 of Plaintiff's complaint.

37.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 37 of Plaintiff's Complaint as allege that Defendant's third-party contractor called Plaintiff's cell phone on December 19, 2023. Defendant denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 38 of Plaintiff's Complaint as allege that Defendant's third-party contractor left a voicemail on December 19, 2023. Defendant lacks sufficient information at this time to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint as to Plaintiff's actions or inactions. Defendant denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint, including that any voicemail left was pre-recorded from Defendant.

39.     Upon information and belief, Defendant admits the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 40 of Plaintiff's Complaint as allege that Plaintiff spoke with a third-party contractor about phone calls and provided her cell phone number. Defendant denies the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 41 of Plaintiff's Complaint as allege that Defendant's third-party contractor called Plaintiff's cell phone on December 20, 2023. Defendant denies the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant admits only so much of the allegations contained in Paragraph 42 of Plaintiff's Complaint as allege that Defendant's third-party contractor left a voicemail. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint as to Plaintiff's actions or inactions. Defendant denies the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint, including that any voicemail left was pre-recorded from Defendant.

43.     Upon information and belief, Defendant admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 44 of Plaintiff's Complaint as allege that Plaintiff spoke with a third-party contractor about phone calls and provided her cell phone number. Defendant denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 45 of Plaintiff's Complaint as allege that Defendant's third-party contractor left voicemails on the dates included in Paragraph 45 of Plaintiff's Complaint. Defendant denies

the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint, including that the voicemails were pre-recorded from Defendant.

46.     Upon information and belief, Defendant admits the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 47 of Plaintiff's Complaint as allege that Plaintiff spoke with a third-party contractor. Defendant denies the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 48 of Plaintiff's Complaint as allege that Defendant's third-party contractor left voicemails on the dates included in Paragraph 48 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint, including that the voicemails were pre-recorded from Defendant.

49.     Upon information and belief, Defendant admits the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 50 of Plaintiff's Complaint as allege that Plaintiff spoke with a third-party contractor, provided her cell phone number, and discussed phone calls. Defendant denies the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Upon information and belief, Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 52 of Plaintiff's Complaint as allege that Defendant's third-party contractor

called Plaintiff's cell phone on January 4, 2024. Defendant denies the remaining allegations contained in Paragraph 52 of Plaintiff's Complaint, including that the voicemails were pre-recorded from Defendant.

53. Upon information and belief, Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Upon information and belief, Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

55. Upon information and belief, Defendant admits only so much of the allegations contained in Paragraph 55 of Plaintiff's Complaint as allege that Defendant's third-party contractor left voicemails on the dates included in Paragraph 55 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 55 of the Complaint, including that the voicemails were pre-recorded from Defendant.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint that the voicemail was pre-recorded.

57. Upon information and belief, Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Upon information and belief, Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Upon information and belief, Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Upon information and belief, Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Upon information and belief, Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint. Defendant is without sufficient information to respond to the remaining allegations as to Plaintiff's actions, inactions, beliefs, or opinions.

63.     Paragraph 63 of Plaintiff's Complaint states a conclusion of law which requires no response. Further, to the extent the allegations contained in Paragraph 64 of the Complaint purport to infer liability on Defendant, the allegations are denied.

64.     Paragraph 64 of Plaintiff's Complaint states a conclusion of law which requires no response. To the extent Plaintiff asserts a factual allegation about the Complaint in Paragraph 64, Plaintiff's Complaint speaks for itself. Further, to the extent the allegations contained in Paragraph 64 of the Complaint purport to infer liability on Defendant, the allegations are denied.

65.     Paragraph 65 of Plaintiff's Complaint states a conclusion of law which requires no response. To the extent Plaintiff asserts a factual allegation about the Complaint in Paragraph 65, Plaintiff's Complaint speaks for itself. Further, to the extent the allegations contained in Paragraph 65 of the Complaint purport to infer liability on Defendant, the allegations are denied.

## CLASS ALLEGATIONS

66.     Defendant denies the putative classes outlined in Paragraph 66 of Plaintiff's Complaint are accurate and/or appropriate for this action. Defendant denies that Plaintiff or putative class members/plaintiffs can bring claims on a class basis, denies that any classes can be certified, denies that Plaintiffs or the purported classes have any claims against Defendant or are entitled to any relief against Defendant, and otherwise denies the allegations of this paragraph. Defendant further says it is premature to determine certification of the putative classes outlined in

Paragraph 66 of Plaintiff's Complaint, but again denies the purported putative classes are appropriate under the *FRCP, SCRCP*, applicable law(s) and/or regulation(s).

67.     Defendant denies that Plaintiff or putative class members/plaintiffs can bring claims on a class basis, denies that any classes can be certified, denies that Plaintiffs or the purported classes have any claims against Defendant or are entitled to any relief against Defendant, and otherwise denies the allegations of this paragraph based upon the failure to establish any entitlement to class relief.

68.     Defendant admits the size of any purported class in this case is unknown at this time; Defendant reserves the right to limit and/or otherwise challenge the size of the class at the certification stage of this proceeding.  Defendant denies the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.  Defendant further denies that Plaintiff or putative class members/plaintiffs can bring claims on a class basis, denies that any classes can be certified, denies that Plaintiffs or the purported classes have any claims against Defendant or are entitled to any relief against Defendant, and otherwise denies the allegations of this paragraph.

69.     Defendant denies that Plaintiff or putative class members/plaintiffs can bring claims on a class basis, denies that any classes can be certified, denies that Plaintiffs or the purported classes have any claims against Defendant or are entitled to any relief against Defendant, and otherwise denies the allegations of this paragraph.

70.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.  Further responding, Defendant reserves the right to limit

and/or otherwise challenge the size of the purported class at the certification stage of this proceeding.

## FIRST CAUSE OF ACTION
TELEPHONE CONSUMER PROTECTION ACT
(VIOLATION OF 47 U.S.C. 227)

72.      Defendant responds to the allegations contained in Paragraph 72 of Plaintiff's Complaint by reaffirming and re-alleging the foregoing paragraphs of its Answer as if fully repeated herein verbatim.

73.      Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.      Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.      The allegations contained in Paragraph 75 of Plaintiff's Complaint include conclusions of law, requiring no answer. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied. Defendant further responds and denies the remaining allegations contained in Paragraph 75 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
TELEPHONE CONSUMER PROTECTION ACT
(VIOLATION OF 47 U.S.C. 227)

76.      Defendant responds to the allegations contained in Paragraph 76 of Plaintiff's Complaint by reaffirming and re-alleging the foregoing paragraphs of its Answer as if fully repeated herein verbatim.

77.      Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint as allege that the voice(s) were pre-recorded from Defendant. The remaining allegations constitute conclusions of law, requiring no answer.  To the extent these allegations purport to infer liability on the Defendant, the allegations are denied.

79.     The allegations contained in Paragraph 79 of Plaintiff's Complaint include conclusions of law, which require no answer.  Defendant denies the remaining allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     The allegations contained in Paragraph 80 of Plaintiff's Complaint include conclusions of law, requiring no answer. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied. Defendant denies the remaining allegations contained in Paragraph 80 of Plaintiff's Complaint and that Plaintiff or any putative class member is entitled to the relief requested therein.

### THIRD CAUSE OF ACTION
SC TELEPHONE PRIVACY PROTECTION ACT
(VIOLATION OF SC CODE 37-21-71)

81.     Defendant responds to the allegations contained in Paragraph 81 of Plaintiff's Complaint by reaffirming and re-alleging the foregoing paragraphs of its Answer as if fully repeated herein verbatim.

82.     Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. The allegations contained in Paragraph 85 of Plaintiff's Complaint include conclusions of law, requiring no answer. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied. Defendant denies the remaining allegations contained in Paragraph 85 of Plaintiff's Complaint and that Plaintiff or any putative class member is entitled to the relief requested therein.

### FOURTH CAUSE OF ACTION
SC TELEPHONE PRIVACY PROTECTION ACT
(VIOLATION OF SC CODE 37-21-71)

86. Defendant responds to the allegations contained in Paragraph 86 of Plaintiff's Complaint by reaffirming and re-alleging the foregoing paragraphs of its Answer as if fully repeated herein verbatim.

87. Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89. Responding to Paragraph 89 of Plaintiff's Complaint, Defendant craves reference to S.C. Code Ann. § 37-21-70 for an exact rendition of its contents and denies any allegations inconsistent with and/or not supported by same. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied.

90. The allegations contained in Paragraph 90 of Plaintiff's Complaint include conclusions of law, requiring no answer. To the extent these allegations purport to infer liability on the Defendant, the allegations are denied. Defendant denies the remaining allegations contained in Paragraph 90 of Plaintiff's Complaint and that Plaintiff or any putative class member is entitled to the relief requested therein.

## PRAYER FOR RELIEF

91.     Responding to Paragraph 91 of Plaintiff's Complaint, Defendant denies that Plaintiff or any putative class action members are entitled to any of the relief requested therein.

92.     Responding to Paragraph 92 of Plaintiff's Complaint, Defendant denies that Plaintiff or any putative class action members are entitled to any of the relief requested therein.

93.     Responding to Paragraph 93 of Plaintiff's Complaint, Defendant denies that Plaintiff or any putative class action members are entitled to any of the relief requested therein.

94.     Responding to Paragraph 93 of Plaintiff's Complaint, Defendant denies that Plaintiff or any putative class action members are entitled to any of the relief requested therein.

95.     Responding to Paragraph 93 of Plaintiff's Complaint, Defendant denies that Plaintiff or any putative class action members are entitled to any of the relief requested therein.

96.     Responding to the unnumbered "JURY DEMAND" paragraph, same is a conclusion of law requiring no response.

## FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:

97.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:

98.     Defendant asserts that proper consent was obtained to place the alleged telephone calls to Plaintiff and putative class members.   Plaintiff's claims are barred, in whole or in part, because at all times Plaintiff provided express or implied consent to Defendant's conduct as described in Plaintiff's Complaint including, but not limited to, by providing her cellular telephone number as her contact information and, to the best of Defendant's belief at this time, agreeing to receive telephone calls. Additionally, it should be noted that, upon information and belief, all calls

placed to Plaintiff and putative class members were placed by live agents. As such, Plaintiff's TCPA and SCTPPA claims may therefore be barred as a matter of law.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

99.     Plaintiff's Complaint, and each Count, is barred in whole or in part by Plaintiff's actual or implied consent.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

100.     Whatever injuries or damages were suffered by the Plaintiff or putative class members, if any, were due to, caused by and/or the direct and proximate result of the sole and/or intervening/ superseding act of individuals and/or third parties other than this Defendant.  If Plaintiff or putative class members suffered damages as alleged in the Complaint, which damages this Defendant specifically denies, such claimed damages did not result, directly or indirectly, from any act or omission of this Defendant, but such damages, if any, resulted from the acts or omissions of persons other than this Defendant and over which this Defendant had no control, for which acts or omissions this Defendant is in no way liable, and the Plaintiff and putative class members, if any, therefore are not entitled to recover from this Defendant.  Defendant asserts that Defendant is not liable for the alleged calls because any such calls would have been made by third party(ies) for whose actions Defendant cannot be vicariously liable.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

101.     Defendant asserts that Plaintiff's and any putative class members, if any, claims are barred by the doctrine of ratification because Plaintiff and any putative class members acquiesced to any conduct that allegedly caused their damages.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE
THERETO DEFENDANT ALLEGES AND STATES:**

102.     Defendant asserts that Plaintiff's and putative class members are not within the zone of interests protected by the TCPA or SCTPPA to the extent that the cellular phone numbers allegedly called were listed and associated with commercial business ventures and included as Plaintiff's or putative class members' contact information, and to the extent Plaintiff or putative class members are not the owners of, or subscribers to, the telephone numbers to which the alleged calls were placed.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE
THERETO DEFENDANT ALLEGES AND STATES:**

103     Plaintiff's claims may be barred based on the Health Insurance Portability and Accountability Act (HIPAA) exemption in the TCPA.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE
THERETO DEFENDANT ALLEGES AND STATES:**

104.     Defendant asserts that, to the extent any violation of the TCPA or SCTPPA was committed by agents or employees of Defendant, such conduct by such agents or employees was unauthorized, outside the ambit of their direct duties, and not in furtherance, but in direct contravention, of Defendant's policies.  As such, Defendant is not liable for such acts.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE
THERETO DEFENDANT ALLEGES AND STATES:**

105.     To the extent that any of the claims set forth in the Complaint does not fall within the applicable statute of limitations or statutory deadlines, said claim(s) is barred.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE
THERETO DEFENDANT ALLEGES AND STATES:**

106. Defendant asserts that, to the extent applicable, Plaintiff's and putative class members' claims are barred by rulings exempting calls to reassigned phone numbers from TCPA liability.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

107. Defendant asserts that, to the extent applicable, Plaintiff's and putative class members' claims are barred to the extent consent to receive any of the alleged calls at issue was improperly revoked.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

108. Defendant asserts that Plaintiffs' and putative class members' interests were not violated by the alleged calls as they did not constitute the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers and, accordingly, Plaintiffs and putative class members have not suffered concrete or particularized injuries traceable to any action of Defendant sufficient to satisfy Article III or statutory standing requirements.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

109. Defendant asserts that, to the extent any alleged calls made to Plaintiffs' and putative class members' cellular telephone numbers were blocked by call-blocking technology, or were otherwise not completed, those calls do not constitute a violation of the TCPA or SCTPPA.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

110. Defendant asserts that Plaintiffs' and putative class members' claims are barred, in whole or in part, because any alleged damages were not caused by Defendant but, instead, by

intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Defendant is not responsible.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

111.    Defendant asserts that, at all relevant times, it acted in good faith, in a reasonable manner and in substantial compliance with the TCPA and SCTPPA.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

112.    Defendant asserts that the allegations of each class and/or sub-class(es) going back four (4) years as opposed to the specific period of time(s) that the calls to Plaintiff putative class members for the specific reason for enrollment, rendering the class allegations overly broad. Defendant reserves the right to challenge any class certification attempts at the appropriate time.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

113.    Defendant asserts that Plaintiffs' and putative class members' claims should be dismissed for failure to join a party under Federal Rule of Civil Procedure 19.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

114.    Plaintiff's claims pursuant to the TCPA47 U.S.C. §227 fail because the alleged calls made by Defendant, if any, were not made using an "automatic telephone dialing system" ("ATDS") as defined under the Act.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

115.    The alleged telephone calls made by Defendant were not for telemarketing purposes and were placed by live agents and, accordingly, do not fall under the TCPA or the SCTPPA.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

116.     Plaintiff's claims pursuant to the TCPA 47 U.S.C. §227, and the SCTPPA S.C. Code § 37-21-10 *et. al* fail because Defendant maintained an "established business relationship" with Plaintiff, as those terms are defined in those Acts.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

117.     Plaintiff's claims pursuant to the TCPA 47 U.S.C. §227, and the SCTPPA S.C. Code § 37-21-10 *et. al* fail because Defendant did not make a "telephone solicitation" as defined in the Acts.  Defendant further asserts the insurance industry/institution exemption under the SCTPPA and its definition of a "telephone solicitation".  Furthermore, Plaintiff's claims fail because Defendant or third-party contractor did not make any telephone calls using an "automatic telephone dialing system" (ATDS) or a prerecorded voice.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

118.     Even assuming *arguendo* that Plaintiff received the alleged phone calls from Defendant, to the extent Plaintiff was not "charged" for the phone calls, she cannot recover under the federal Telephone Consumer Protection Act.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

119.     Plaintiff does not qualify as a "called party" within the meaning of the TCPA.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

120.     Defendant affirmatively pleads the defense set forth in S.C. Code Ann § S.C. Code § 37-21-70(C).

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

121.    Plaintiff lacks standing to assert the claims asserted in the Complaint because Plaintiff has not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether she seeks only statutory damages. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It would appear self-evident that the recipient of a cell phone call would first be required to demonstrate cognizable injury; that is, that she was both (1) charged, and (2) paid, for the call. See 47 U.S.C. §227(b)(1)(A)(iii).

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

122.    To the extent Plaintiffs seek to hold Defendant liable for any violations of regulations promulgated by the Federal Communications Commission, Defendant asserts that the Federal Communications Commission exceeded its authority in promulgating such regulations. Pleading further, Defendant asserts that the Federal Communications Commission's orders relating to the placement of telephone calls using an "automatic telephone dialing system" (ATDS) or a prerecorded voice are interpretive, rather than legislative, rules.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

123.    Defendant is entitled to rely on applicable government agency administrative orders, rulings, opinions, regulations, approval, interpretations, enforcement policies and/or practices and such reliance bars and/or limits Plaintiffs' and any putative collective action members' TCPA or SCTPPA claims.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

124.    Plaintiff's claims are barred by the doctrines of waiver and estoppel.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

125.     Defendant cannot be held liable for any actions in which it took no part and over which it had no control.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

126.     Plaintiff is not entitled to recover because any violations, if such exist, were not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedure reasonably adapted to avoid such error.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

127.     Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violations of the regulations prescribed under the TCPA and the SCTPPA.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

128.     Plaintiff's Complaint, and each Count, is barred in whole or in part to the extent Plaintiff seeks statutory damages that would impose excessive fines in violation of due process.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

129.     Plaintiff's Complaint, and each Count, is barred in whole or in part by Plaintiff's failure to mitigate damages.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

130.     To the extent Plaintiff's Complaint alleges claims for punitive damages, such claims for punitive damages are barred because the acts and omissions, if any, of Defendant fail

to rise to the level required to sustain an award of punitive damages. Further, the imposition of punitive damages on the basis of the acts or omissions of Defendant with respect to Plaintiff or any putative class members would represent the deprivation of liberty and property without due process of law, the imposition of cruel and unusual punishment and excessive fines, and deny the equal protection of laws, in violation of the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and pertinent provisions of the Constitution of the State of South Carolina.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

131.     If Plaintiff has heretofore or should hereafter settle for any of the alleged claims and damages with any parties, whether or not a defendant in this case, then this Defendant is entitled to a credit or setoff in the amount of said settlements.

**FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO DEFENDANT ALLEGES AND STATES:**

132.     Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent throughout this litigation, including during the course of discovery and, thus, reserves the right to amend its Answer to assert such defenses.

WHEREFORE, having fully answered the Complaint herein, Defendant Select Health of South Carolina Inc. d/b/a First Choice Next prays for an Order of this Court dismissing the Complaint with prejudice, granting judgment to Defendant, requiring Plaintiff to pay all costs of this action, including attorneys' fees, and granting such other and further relief as this Court may deem just and proper.

CLEMENT RIVERS, LLP


By:   _s/ Stephanie Sandifer_____
Stephen L. Brown, Esq.   Federal  I.D. #: 6428
Email:  sbrown@ycrlaw.com
Stephanie R. Sandifer, Esq.  Federal I.D. #: 11783
E-mail:  ssandifer@ycrlaw.com
P.O. Box 993, Charleston, SC  29402-0993
25 Calhoun Street, Suite 400, Charleston, SC 29401
Telephone:  (843) 577-4000
Fax:  (843) 579-2941

*Attorneys for the Defendant Select Health of South Carolina, Inc. D/B/A First Choice Next, a South Carolina Corporation*

Charleston, South Carolina

Dated: April 8, 2024